UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANDREW BOTTARI,

                         Plaintiff,

           - against -

DAVID FISHER and MICHAEL STEVENSON,
employees of the Village of Ardsley Police
Department,

                  Defendants.

------------------------------------------------------------------x

**07 CIV 8192**

COMPLAINT

**JUDGE BRIEANT**

Jury Trial Demanded

2007 SEP 19 PM 2:48
U.S. DISTRICT COURT
FILED
S.D. OF N.Y.

     Andrew Bottari, by his attorney, Matthew Flamm, alleges the following, upon information and belief, as his Complaint:

<u>Nature of the Action</u>

    1.    This civil rights action arises from the defendants' unlawful arrest, use of force and prosecution of Andrew Bottari beginning on March 3, 2005. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

<u>Jurisdiction and Venue</u>

    2.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff requests that this Court exercise pendent jurisdiction over claims for violating his rights under the New York State Constitution, as those claims arise out of the same common nucleus of operative facts as do plaintiff's federal claims.

    3.    Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events forming the basis of the Complaint occurred in that District.

## Parties

4.    Plaintiff ANDREW BOTTARI is a citizen of the United States of America residing in the State of New York, Village of Ardsley, County of Westchester.

5.    Plaintiff grew up in and around the Village of Ardsley, a village of approximately forty three hundred in southern Westchester County. The Village, which is about one and one half square miles in size, has a nineteen member police force.

6.    Mr. Bottari has, for the last seven years, made his home in Ardsley with his wife, Michelle, and their children, Olivia and Paul. Mr. Bottari served in the United States Marine Corp for four years and was honorably discharged in 1988. He is a graduate of Brooklyn Law School and served as an Assistant District Attorney for Kings County from 1998-2003. In 2004, he opened his own law practice with offices in White Plains.

7.    Defendant David Fisher was at all times relevant here a duly appointed and acting Village of Ardsley Police Sergeant.

8.    Defendant Michael Stevenson was at all times relevant here a duly appointed and acting Village of Ardsley Police Officer.

9.    At all times relevant, the defendants were acting under color of state law.

## Facts Underlying
### Plaintiff's Claims for Relief

10.    On March 3, 2005 shortly after midnight, Police Officer Michael Stevenson was on patrol in the Village of Ardsley traveling south on Saw Mill River Road. He saw Andrew Bottari standing at the rear of plaintiff's SUV, which was parked at the north end of 725 Saw Mill River Road, a commercial strip in the middle of the Village of Ardsley.

11.     Although Officer Stevenson did not suspect any criminal activity, he turned into the parking lot and proceeded north towards Mr. Bottari, who had shut the hatch and was walking to meet the defendant's patrol car.

12.     Defendant Stevenson questioned Mr. Bottari as to his name and what he was doing.  Mr. Bottari announced that he was leaving and that he was not going to answer the defendant's question.

13.     Defendant Stevenson, who did not suspect any criminal activity, used his patrol car to block Mr. Bottari's auto.  The defendant then radioed for assistance.

14.     Defendant David Fisher arrived.

15.     Both defendants were out of their patrol cars and they confronted Mr. Bottari.  Plaintiff was ordered to take his hands from the pockets of the coat he was wearing.  Mr. Bottari complied by announcing what he had in his hands (a wallet and a cellphone) and outstretching his arms to about shoulder height.

16.     Defendants Fisher and Stevenson, who did not suspect any criminal activity, converged on Mr. Bottari, grabbing plaintiff's arms, spinning him around and forcing him to the pavement. Defendants Fisher and Stevenson, or one of them, then struck Mr. Bottari in the back of the head.

17.     Plaintiff was taken by ambulance to a local hospital, the Dobbs Ferry Community Hospital, where his head wound was sutured.

18.     Mr. Bottari, again in handcuffs, was taken to the Ardsley Village Police Department.  Defendants held him for a time until they released him with a Desk Appearance Ticket falsely charging Obstruction of Governmental Administration and Resisting Arrest, both Class A misdemeanors punishable by up to one year in jail, and Disorderly Conduct, a violation.

19.     Mr. Bottari hired a private attorney to defend him against defendants' false charges.  Plaintiff was arraigned on March 21, 2005 and, after multiple court appearances, the charges were dismissed on speedy trial grounds on February 6, 2006.

20.     Mr. Bottari was arrested, charged and prosecuted even though he had committed no crimes and despite that defendants had no reasonable basis to believe that plaintiff had committed any crimes.

21.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful assault and arrest. They instead acted to cover their misconduct by, among other things, falsely claiming that Mr. Bottari pushed defendant Fisher during the encounter and that the parties fell to the ground.

22.     Mr. Bottari suffered physical pain and suffering, loss of freedom, mental anguish, shock, trauma and deprivation of his constitutional rights, among other injuries. Plaintiff suffered the debasement, humiliation and loss of dignity of being unlawfully and publicly assaulted and arrested in the middle of his home town and of having the matter publicized in a local paper, the Enterprise.

23.     As a result of defendants' conduct, Mr. Bottari suffered a disfiguring laceration at his left eyebrow as well as injuries to his chin, left shoulder, knee and leg.

24.     Mr. Bottari was forced to appear in court multiple times to answer the police officers' baseless charges. He sustained approximately twenty thousand dollars in criminal defense costs.

25.     At all times relevant, and in using force on plaintiff, and arresting, imprisoning and prosecuting him, the defendants acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to plaintiff's rights.

### FIRST CLAIM FOR RELIEF
### FOR VIOLATING PLAINTIFF'S RIGHT
### TO BE FREE FROM UNREASONABLE SEIZURES UNDER THE FOURTH
### AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

26.     Plaintiff repeats the allegations of paragraphs 1-25 as though fully stated here.

27.    By the actions described above, the individual defendants, and each of them, deprived Andrew Bottari of rights secured by the United States Constitution, including, but not limited to, plaintiff's rights to be free and secure in his person and to be free from arrest or search, except on probable cause or pursuant to warrant.

28.    As a consequence thereof, Andrew Bottari has been injured.

### SECOND CLAIM FOR RELIEF
### FOR VIOLATING PLAINTIFF'S RIGHT
### TO BE FREE FROM UNREASONABLE SEIZURES UNDER ARTICLE
### ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

29.    Plaintiff repeats and realleges paragraphs 1-25 as though fully stated here.

30.    By the actions described above, the individual defendants, and each of them, deprived Andrew Bottari of rights secured by the Constitution of the State of New York, including, but not limited to Mr. Bottari's right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

31.    As a consequence thereof, Andrew Bottari has been injured.

### THIRD CLAIM FOR RELIEF
### FOR VIOLATING PLAINTIFF'S RIGHT
### TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH
### AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

32.    Plaintiff repeats and realleges paragraphs 1-25 as though fully stated here.

33.    By the actions described above, the individual defendants, and each of them, deprived Andrew Bottari of rights secured by the United States Constitution, including, but not limited to, the right to be free from excessive and unreasonable force.

34.    As a consequence thereof, Andrew Bottari has been injured.

FOURTH CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER ARTICLE ONE,
<u>SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION</u>

35.     Plaintiff repeats and realleges paragraphs 1-25 as though fully stated here.

36.     By the actions described above, the individual defendants, and each of them, deprived Andrew Bottari of rights secured by the New York State Constitution, including, but not limited to, the right to be free from excessive and unreasonable force.

37.     As a consequence thereof, Andrew Bottari has been injured.

FIFTH CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION IN VIOLATION
OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND
<u>FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION</u>

38.     Plaintiff repeats and realleges paragraphs 1-25 as though fully stated here.

39.     The individual defendants, and each of them, without probable cause and with actual malice, commenced and maintained a criminal proceeding against Mr. Bottari.

40.     Mr. Bottari suffered a deprivation of liberty resulting from the government seizure in the form of legal process and by being forced to appear in Criminal Court to contest the baseless charges under threat of issuance of an arrest warrant and of arrest.

41.     The prosecution terminated in plaintiff's favor when all charges against plaintiff were dismissed in a manner not inconsistent with plaintiff's innocence.

42.     As a consequence thereof, Andrew Bottari has been injured.

## SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
## TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

43.    Plaintiff repeats and realleges paragraphs 1-25 as though fully stated here.

44.    The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Bottari was subjected, despite having a reasonable opportunity to do so.

45.    As a consequence thereof, Andrew Bottari has been injured.


## Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)    Declaratory relief as follows:

1.    A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

2.    A declaration that plaintiff's right to be free from unreasonable and excessive force under the New York State Constitution was violated;

3.    A declaration that plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

4.    A declaration that plaintiff's right to be free from unreasonable seizures under the New York State Constitution was violated;

5.    A declaration that plaintiff's right to be free from malicious prosecution under the United States Constitution was violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)    An award to plaintiff of the costs and disbursements herein;

-7-

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated: September 20, 2007
      Brooklyn, New York

 

_____
MATTHEW FLAMM **MF1309**
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242
(718) 797-3117

-8-