UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANDREW BOTTARI,                                                    Docket No.:
                                                                   07-cv-08192 (CLB)
              Plaintiff,

  -against-


DAVID FISCHER and MICHAEL STEVENSON,
Employees of the Village of Ardsley Police
Department,

             Defendants.

----------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW


**Submitted on behalf of the Defendants**
**DAVID FISCHER and MICHAEL STEVENSON**

By their attorneys

**HODGES WALSH & SLATER, LLP**
**55 Church Street, Suite 211**
**White Plains, New York 10601**

**Preliminary Statement**

Based upon the facts and circumstances known to the police officers, it was objectively reasonable for them to seize Mr. Bottari when, against their express direction of their concern for safety, he first refused to take his hands out of his pockets and then took his hands out pointing unidentified black and silver items at the police officers without any request that he do so. Weyant v. Okst, 101 F.3d 845, 857 (2d Cir. 1996).

**There are No Disputed Material Facts**

There is no dispute as to the material facts set forth by the defendants and, for the purpose of this motion, defendants adopt the additional facts set forth by plaintiff.

The defendants agree that they did not know why Mr. Bottari was present in the vacant drug store parking lot at 12 midnight, parked 10 to 20 feet from the entrance with the back gate of his SUV open.

Officer Stevenson asked what he was doing there, and Mr. Bottari admits that he was evasive. Twice, he said "I am not doing anything." Once, "I'm just here." Subsequently, upon being asked a fourth time, he said "I'm just listening to music."

When asked for his name and address, Mr. Bottari acknowledged that he refused to give that information and, instead, asked the police "why do you need to know?"

Mr. Bottari also admits that immediately thereafter he summarily told Officer Stevenson he was leaving despite Officer Stevenson telling him not to leave. He opened his car door and Officer Stevenson had to place his police vehicle to block plaintiff's vehicle.

Mr. Bottari further admits that he put both of his hands into the pockets of his coat. Officer Stevenson told plaintiff to "Get your hands out of your pockets … [f]or safety reasons."

Mr. Bottari acknowledged that he did not initially comply with this request and when he did, though the police did not ask plaintiff to take anything out of his pockets, he was holding a silver cell phone and black wallet, which he brought up to shoulder height, with elbows bent, facing the police.

Seconds later the police officers grabbed him by the arms and shoulders. Another second later, all three were on the ground. Mr. Bottari finally gave the police some identifying information, after they were all on the ground, he said he was an attorney and former prosecutor.

## DEFENDANTS ARE ENTITLED TO A QUALIFIED IMMUNITY DEFENSE ON PLAINTIFF'S CLAIM OF FALSE ARREST

It is undisputed that "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest whether that action is brought under state law or § 1983." Weyant, 101 F.3d at 852. To demonstrate probable cause, the police must show that they had reasonable belief that Mr. Bottari committed or was committing a crime. Jenkins v. City of New York, 478 F.3d 76, 85 (2d Cir. 2007);

The New York statute for Disorderly Conduct provides that a person is guilty of disorderly conduct when, he intentionally takes a physically threatening action which serves no legitimate purpose. NY Penal Law §240.20(1).

The New York statute for Obstructing Governmental Administration provides that a person is guilty of obstructing governmental administration when he intentionally

interferes with the administration of law. NY Penal Law §195.05.

Here, the police encountered Mr. Bottari in a vacant commercial parking lot at 12 midnight. Upon initial investigation, and inquiry why he was there, plaintiff was evasive and refused to follow their direction.

Mr. Bottari, an attorney and former prosecutor, surely was aware of the ramifications of his actions. Instead of complying fully with the directives of the police officers, his behavior gave the police reasonable concern for their safety and frustrated their investigation.

He summarily announced he was leaving. Even though Officer Stevenson told him not to leave, plaintiff opened his car door. The police had to react to block his exit.

He put both of his hands into the pockets of his coat. Police Officer Stevenson told plaintiff to take his hands out of his pockets because of their concern for safety. He did not take immediately withdraw his hands from his pocket. Even though the police did not ask him to take anything out of his pockets, he took his hands out, holding up two objects, and brought them up to shoulder height, with elbows bent, facing the police.

Mr. Bottari attempts to create an issue of fact where none exists. The defendants do not allege in this motion that they were justified in arresting Mr. Bottari because he pushed Officer Fischer.

Instead, even if he told the police that the objects in his pockets were a cell phone and wallet, his action in taking them out of his pockets, after being told of the officer's safety concerns and to simply take out his hands, was an overt physically threatening action, which served no purpose other than to cause the police to seize him and prevent an immediate risk of serious physical injury.

## DEFENDANTS ARE ENTITLED
## TO A QUALIFIED IMMUNITY DEFENSE
## ON PLAINTIFF'S CLAIM OF EXCESSIVE FORCE

Claims of excessive force arising in the context of an arrest are analyzed under the Fourth Amendment's objective reasonableness test, paying "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 394-6 (1989).

Here, the police told plaintiff to simply take his hands out of his pockets because they were concerned for their safety. Instead of doing so, he took out his hands while holding two unconfirmed objects.

It is respectfully submitted that it was objectively reasonable for the police, at midnight, in a vacant drug store parking lot, having told a suspect simply to take his hands out of his pockets, to exercise the force necessary to guard their safety when the suspect violated their directive and confronted them with unconfirmed objects in each hand.

As the Supreme Court aptly stated, the "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments, in circumstances that are tense, uncertain and rapidly evolving, about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-7.

As such, it is respectfully submitted that their use of force was objectively reasonable to prevent the substantial and immediate risk of serious physical injury.

## DEFENDANTS ARE ENTITLED
## TO A QUALIFIED IMMUNITY DEFENSE
## ON PLAINTIFF'S CLAIM OF MALICIOUS PROSECUTION

As discussed above relative to plaintiff's false arrest claim, the existence of probable cause is an absolute defense to a cause of action for malicious prosecution. Weyant, 101 F.3d at 857-8.

The police told plaintiff to take his hands out of his pockets because they were concerned for their safety. Instead of doing so, he took out his hands while holding two objects. Even if he told the police that the items were a cell phone and wallet, his action to take the objects out of his pockets, after what he was told, was an overt physically threatening action, which justified the police action to seize the plaintiff; and report their findings to the district attorney for prosecution.

As such, it is respectfully submitted that their actions did not constitute malicious prosecution.

Dated: White Plains, New York
       April 17, 2008

                              Respectfully submitted,
                              HODGES WALSH & SLATER, LLP

                              Paul E. Svensson (PS3403)

Index No.: 07 civ 8192

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=====================================X
ANDREW BOTTARI,

           Plaintiff,

  -  against –

DAVID FISHER and MICHAEL STEVENSON,
Employees of the Village of Ardsley Police
Department,

           Defendants
=====================================X

## REPLY MEMORANDUM OF LAW

HODGES, WALSH & SLATER LLP
Attorneys for Defendants
55 Church Street, Suite 211
White Plains, New York 10601
(914) 385-6000