UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ANDREW BOTTARI,

               Plaintiff,               07 CV 8192 (CLB)

      - against -

DAVID FISCHER and MICHAEL STEVENSON,
Employees of the Village of Ardsley Police
Department,

               Defendants.

-----------------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW
## OPPOSING DEFENDANTS' SUMMARY JUDGMENT MOTION

March 28, 2008

Matthew Flamm
Attorney for Plaintiff
26 Court Street
Brooklyn, New York
(718) 797-3117

**TABLE OF CONTENTS**

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Note Regarding Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT

      DEFENDANTS' SUMMARY JUDGMENT MOTION SHOULD BE
      DENIED.  IT SHOULD BE FOR THE JURY TO RESOLVE DISPUTED
      ISSUES OF FACT REGARDING THE OBJECTIVE
      REASONABLENESS OF DEFENDANTS' ARREST AND
      PROSECUTION OF AND USE OF FORCE ON ANDREW BOTTARI. . . . . . 3

    I.    The record before the Court fails to establish as a
         matter of law that defendants lawfully seized or
         arrested Mr. Bottari. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

         A.    Defendants' stated basis for reasonable
               suspicion is disputed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

         B.    Defendants' stated basis for probable cause
               is disputed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    II.   The circumstances and reasonableness of
         defendants' use of force should be resolved by a jury.. . . . . . . . . . . 7

    III,  Defendants have not established as a matter of law
         that Mr. Bottari's prosecution was lawful. . . . . . . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANDREW BOTTARI,

                Plaintiff,                07 CV 8192 (CLB)

      - against -

DAVID FISCHER and MICHAEL STEVENSON,
Employees of the Village of Ardsley Police
Department,

                Defendants.

------------------------------------------------------------x

<u>Preliminary Statement</u>

On March 3, 2005, Police Officer Stevenson and Sergeant Fisher arrested Andrew Bottari in the parking lot of a commercial strip in the middle of the Village of Ardsley. Mr. Bottari "was born and raised in Ardsley, and [was] slammed to the ground by police officers in my own village, not doing anything wrong on my part, completely minding my own business, being in a public place lawfully." Exh. 4 at p.32 ll.20-24. Mr. Bottari has lived in Ardsley for nearly eight years with his wife, Michelle, and their children, Olivia and Paul. He served in the United States Marine Corp for four years and was honorably discharged in 1988. He is a graduate of Brooklyn Law School and served as an Assistant District Attorney for Kings County from 1998-2003. In 2004, he opened a law practice with offices in White Plains.

During the arrest, Mr. Bottari sustained injuries to his chin, left shoulder, knee and leg, and suffered a laceration with permanent scarring at his left eyebrow. He was then prosecuted for nearly a year until the charges of Obstruction of Governmental Administration and Resisting Arrest, both Class A misdemeanors punishable by up to one year in jail, and Disorderly Conduct were dismissed on speedy trial grounds.

Plaintiff commenced this action in September 2007 alleging six claims for relief: a Federal and a State claimed based on the arrest (Exh. 1: ¶¶26-28, ¶¶29-31), a Federal and a State claim based on the use of force (<u>Id.</u> at ¶¶32-34, ¶¶35-37), a

Federal claim based on the prosecution (Id. at ¶¶38-42), and a Federal claim based on the failure of each defendant to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Bottari was subjected. Id. at ¶¶43-45.  Plaintiff seeks damages from defendants Fischer and Stevenson for the March 3, 2005 use of force and arrest and the resulting prosecution.

Plaintiff opposes defendants' summary judgment motion, which seeks dismissal of the entire Complaint on qualified immunity grounds.  Plaintiff's and defendants' version of the encounter sharply and materially differ; in their description of the respective tone and attitude each took with the other; the dispute over multiple requests by the officers for plaintiff to remove his hands from his pockets; whether the defendants threw plaintiff to the ground and then struck him or whether plaintiff pushed and struggled and the parties fell.  Because there are sharply conflicting versions of events leading up to plaintiff's seizure and arrest and sharply divergent inferences and conclusions to be drawn depending on who one believes, it should be for a jury to determine whether the seizure, arrest and prosecution were unlawful and the force used unreasonable.

Note Regarding Relevant Facts

This Court is respectfully referred to the accompanying Statement Pursuant to Local Rule 56.1, dated March 28, 2008, and to the accompanying Exhibits for the facts underlying this motion.

ARGUMENT

DEFENDANTS' SUMMARY JUDGMENT MOTION SHOULD BE DENIED. IT SHOULD BE FOR THE JURY TO RESOLVE DISPUTED ISSUES OF FACT REGARDING THE OBJECTIVE REASONABLENESS OF DEFENDANTS' ARREST AND PROSECUTION OF AND USE OF FORCE ON ANDREW BOTTARI.

Andrew Bottari seeks vindication of rights protecting him against unlawful arrest, prosecution and use of force and sues under the United States Constitution's Fourth Amendment and under Article One, Section Twelve of the New York State Constitution. Section 1983 of the Civil Rights Act provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution" by any person acting "under color of any statutes, ordinances, regulation, custom, or usage, of any State," and provides plaintiff with a private right of action to enforce his constitutional rights. Graham v. Connor, 490 U.S. 386, 394 (1989). New York State's Constitution also provides a private right of action. Brown v. State of New York, 89 N.Y.2d 172, 652 N.Y.S.2d 223 (1996).

Under the Federal Rules, summary judgment is inappropriate unless the moving party shows that considering the pleadings, depositions, answers to interrogatories, admissions, exhibits and affidavits "there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The defendants here carry the initial burden of demonstrating an absence of a genuine issue of material fact, and this Court views the facts and every reasonable inference in the light most favorable to Mr. Bottari. Chambers v. TRM, 43 F.3d 29, 36 (2d Cir. 1994); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Under the doctrine of qualified immunity, police officers will not be subjected to personal liability for damages when their official conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, ... insofar as it was objectively reasonable for such officials to believe, even if mistakenly, that their conduct did not violate such rights." Richards v. City of

New York, 433 F.Supp.2d 404, 419 (S.D.N.Y. 2006) (citation and internal quotation marks omitted)   The availability of the defense depends on whether a "reasonable officer could have believed" his action "to be lawful, in light of clearly established law and the information he possessed."  Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Here, it appears defendants seek to draw every inference in *their* favor, characterizing Mr. Bottari's behavior as "suspicious" and "evasive" rather than "innocuous" or "innocent" or "firm."  Nor do they even address important facts in dispute.

> I.    The record before the Court fails to establish as a matter of law that defendants lawfully seized or arrested Mr. Bottari.

Andrew Bottari is protected from unreasonable seizures under the United States and New York State Constitutions; investigatory detentions must be supported by reasonable suspicion, Terry v. Ohio, 392 U.S. 1, 27 (1968);  People v. De Bour, 40 N.Y.2d 210 (1976), and arrests must be predicated upon probable cause.  See Broughton v. State, 37 N.Y.2d 451, 456 (1975) (elements of State common law claim for unlawful arrest); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (elements of Federal claim); Brown v. State, 12 Misc.3d 633, 636-638, 814 N.Y.S.2d 492, 497-499 (N.Y.Ct.Cl. 2006) aff'd 45 A.D.3d 15, 841 N.Y.S.2d 698 (3rd Dep't 2007) leave to appeal denied 9 N.Y.3d 815, 848 N.Y.S.2d 26 (2007) (discussing and applying State constitutional analysis); Santiago v. City of New York, 2002 WL 484139, *6-10 (Sup. Ct. Bx. Co. February 26, 2002)(discussing and applying DeBour); see also Zirlin v. The Village of Scarsdale, 365 F.Supp.2d 477, 484-485 (S.D.N.Y. 2005)(Brieant, J.)(discussing jury function in resolving factual disputes regarding investigatory stops) aff'd 161 Fed.Appx. 100, 2005 WL 3557452 (2d Cir. 2005).

There are no genuine disputes that defendant Stevenson and then Fischer intended to seize and did seize Mr. Bottari, and that plaintiff was conscious of his seizure and confinement and did not consent to it.  Further, because the arrest was

made without a warrant, it is presumptively unlawful, and, therefore, defendants have the "burden of raising and proving the affirmative defense of probable cause." Broughton v. State, 37 N.Y.2d at 458; Tsachalis v. City of Mount Vernon, 293 A.D.2d 525, 525-26 (2d Dep't 2002) (reversing verdict because of erroneous jury instruction relieving defense of establishing probable cause for warrantless arrest). It should be for the jury to determine whether the seizure and arrest were otherwise privileged, that is, supported by reasonable suspicion or probable cause.

### A. Defendants' stated basis for reasonable suspicion is disputed.

The forcible seizure of plaintiff in the parking lot in Ardsley was not supported by reasonable suspicion. In order to stop and detain a person for investigatory purposes, police officers must have a reasonable suspicion "supported by articulable facts" that criminal activity may be afoot. Terry v. Ohio, 392 U.S. 1, 27 (1968); People v. De Bour, 40 N.Y.2d 210, 386 N.Y.S.2d 375 (1976); see also Phelps v. City of New York, 2006 WL 1749528 *3 (S.D.N.Y. June 27, 2006); for discussion of and application of the DeBour standard under the New York State Constitution, see, e.g., Brown v. State, 12 Misc.3d at 636-638, 814 N.Y.S.2d at 497-499 and Santiago v. City of New York, 2002 WL 484139, *6-10.

In determining whether police officers acted reasonably under the circumstances, "due weight must be given, not to [their] inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which [an officer] is entitled to draw from the facts in light of [the officer's] experience." Terry v. Ohio, 392 U.S. at 27.

The record before the Court fails to establish reasonable suspicion as a matter of law. On the contrary, the record shows the absence of a lawful basis to seize Mr. Bottari. Defendants must base their defense of reasonable suspicion upon "specific articulable facts" that are not in genuine dispute and, moreover, would represent a "quantum of knowledge sufficient to induce an ordinarily prudent and

cautious" police officer under the circumstances to believe criminal activity is at hand. See, e.g., People v. Bailey, 2004 WL 3131982 *2, 6 Misc.3d 1013(A), 800 N.Y.S.2d 352 (Table) (Sup. Ct. Queens Co. 2004).

On the record before the Court, a reasonable jury can find that Andrew Bottari was calm, innocuous and straightforward and that defendants were unreasonably assertive and suspicious, that Mr. Bottari did nothing to escalate or provoke the encounter, was behaving entirely lawfully, should have been free to go about his affairs and that defendants did not possess a lawful reason seize him.

        B.        Defendants' stated basis for probable cause is disputed.

Defendants claim that their asserted "reasonable suspicion" ripened into probable cause for a formal arrest when plaintiff, after repeated demands by the officers that he remove his hands from his pockets, suddenly and quickly drew his hands out, pointed unknown objects at the defendants, put his hands back in his pockets and started to walk away, Exh. 6 at p.13 l.3 - p.16 l.7, at p.17 ll.19-20, at p.44 ll.7-8 ("lunged out with his hands out of his pockets."), and that Bottari then pulled away from and pushed Sergeant Fisher in the chest. Id. at p. 19 ll.6-11 and at p.52 ll.12-17. Defendant Stevenson testified that the only reason to arrest plaintiff was the push. Exh. 6 at p.42 l.19 - p. 43 l.4 (Q: At that time, were you planning on arresting Mr. Bottari for anything?   A: No.   Q: When did your decision to arrest Mr. Bottari come into play?   A: When he pushed Sergeant Fisher.   Q: Let's backup.   At no time prior to Mr. Bottari allegedly pushing Sergeant Fisher, did you have reason to believe that he was committing any criminal act, is that true?   A: True.); see also Exh. 10: March 3, 2005 Ardsley Police Department Case Report Work Sheet prepared by Michael Stevenson and Exh. 11: March 3, 2005 Ardsley Police Department Supplemental Complaint Report prepared by David Fisher.

On the record before the Court, a reasonable jury can find that Andrew Bottari never pushed defendant Fisher, did nothing to escalate or provoke the encounter, was behaving entirely lawfully and that defendants did not possess

evidence or reasonably trustworthy information that plaintiff committed a crime or offense. A reasonable jury, in other words, could find that Mr. Bottari did not do anything wrong and that, therefore, there was no basis to seize or arrest him.

Probable cause exists when an officer has knowledge or reasonably trustworthy information of facts and circumstances sufficient to warrant a person of reasonable caution to believe that a person to be arrested has committed or is committing a crime. See, e.g., Dunaway v. New York, 442 U.S. 200, 208 n.9 (1979). Defendant Stevenson has testified that plaintiff engaged in criminal activity only when he pushed defendant Fisher. This is not the same it being *undisputed* that Mr. Bottari pushed and struggled and disobeyed etc. If the jury rejects this factual claim, defendants' stated basis for the arrest falls away.

Defendants have failed to meet their burden under the summary judgment standard to demonstrate the absence of a triable issue with respect to probable cause. Defendants' claim for entitlement to judgment is founded upon disputed material facts. There is no basis for defendants' invocation of qualified immunity.

    II.    The circumstances and reasonableness of defendants' use of force should be resolved by a jury.

An excessive force claim is founded on the Fourth Amendment's right of citizens "'to be secure in their persons ... against unreasonable ... seizures,'" Graham v. Connor, 490 U.S. 386, 394, and is established by a jury finding that the force used by police was excessive or unreasonable in light of the circumstances. Graham v. Connor, 490 U.S. at 395-96. The jury makes a fact-specific determination about whether what defendants Fischer and Stevenson did or did not do was "unreasonable." Graham, 490 U.S. at 396; Ricketts v. City of Hartford, 74 F.3d 1397, 1411 (2d Cir. 1996); see, e.g., Kerman v. City of New York, 261 F.3d 229, 239-40 (2d Cir. 2001) (denying summary judgment when there are "facts in dispute that are material to a determination of reasonableness.")

Initially, if a jury finds that no arrest was authorized, than any force used is unlawful. See, e.g., Meijia v. City of New York, 119 F.Supp.2d 232, 282 (E.D.N.Y.

2000)(where there is no objectively reasonable basis to believe there was probable cause for an arrest "any use of force would be objectively unreasonable under the circumstances."). The issue of reasonableness, however, is ordinarily a fact question to be resolved by a jury. See Estate of Heilbut v. City of New York, WL 2807722 *6 (S.D.N.Y. October 2, 2006); see also Calamia v. City of New York, 879 F.2d 1025, 1035-1036 (2d Cir. 1989) (Granting new trial to plaintiff as it was a jury question whether conduct was objectively reasonable under the circumstances ). It is "not appropriate [to grant summary judgment on an excessive force claim] unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." Hill v. City of New York, WL 3591719 *3 (E.D.N.Y. December 30, 2005), see also Jackson v. City of New York, WL 895609 (S.D.N.Y.  April 26, 2004).

The facts regarding the use of force on Mr. Bottari are disputed. Mr. Bottari has testified that he was grabbed and thrown to the ground, not that he struggled, resisted or pushed. He has testified that he was struck in the back of the head with an elbow or fist after a defendant was twisting his arm and after he told the officers that they could have his arms, that he was not resisting.

These disputes, all material and all genuine, create issues of fact for a jury to determine and therefore, defendants' motion for summary judgment as to plaintiff's Third and Fourth claims for relief should be denied. Defendants have failed to show that the force employed was lawful as a matter of law.

    III,    Defendants have not established as a matter of law that Mr. Bottari's prosecution was lawful.

The common law tort of malicious prosecution requires that Mr. Bottari demonstrate that defendants commenced a criminal proceeding against him without probable cause and with actual malice, and that the proceeding ended in a manner not inconsistent with his innocence. Cantalino v. Danner, 96 N.Y.2d 391, 394, 729 N.Y.S.2d 405, 407 (2001); see also Sankin v. Abeshouse, 2008 WL 693618

(S.D.N.Y. March 14, 2008)(Brieant, J.); Kamal v. Hopmayer, 2006 WL 3197161, *4 (S.D.N.Y. November 02, 2006)(Brieant, J.).

A claim under the Constitution under 42 U.S.C. §1983 requires one additional element: that defendants' conduct resulted in a "constitutionally cognizable deprivation of liberty." Bullard v. City of New York, 240 F.Supp.2d 292, 297 (S.D.N.Y. 2003); see, e.g., Murphy v. Lynn, 118 F.3d 938, 946 (2d Cir. 1997) (restraint on liberty found where the plaintiff was "obligated to appear in court in connection with [the] charges whenever his attendance was required.  He indeed was called for court appearances some eight times during the year in which his criminal proceeding was pending.").

Defendants cannot reasonably dispute that defendants commenced the criminal proceeding and that it caused a deprivation of liberty.  Nor can they dispute that the dismissal here was a "favorable termination." Rogers v. City of Amsterdam, 303 F.3d 155 (2d Cir. 2002)(Speedy trial dismissal is a favorable termination).

The issues for the jury to decide are whether the defendants commenced the action without probable cause to believe that it could succeed and whether the proceeding was begun with malice. Ricciuti v. New York City Transit Auth., 124 F.3d 123, 131 (2d Cir.1997) (where "a jury could find that probable cause for the charges against the plaintiff[ ] was lacking ... that finding alone would support an inference of malice."); Martin v. City of Albany, 42 N.Y.2d 13, 17-18 (1977)(same).

## Conclusion

Wherefore,  plaintiff respectfully asks this Court deny defendants' motion to dismiss the claims, together with such other relief as this Court deems just.

Dated  March 28, 2008
      Brooklyn, New York

MATTHEW FLAMM **MF1309**
 Attorney for Plaintiff
26 Court Street
Brooklyn, New York
 (718) 797-3117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ANDREW BOTTARI,

                              Plaintiff,                   CERTIFICATE OF SERVICE
                                                                           07-CV-8192 (CLB)

       - against -

DAVID FISHER and MICHAEL STEVENSON,
employees of the Village of Ardsley Police
Department,

                              Defendants.

-----------------------------------------------------------------x

STATE OF NEW YORK    )
                               : SS.  :
COUNTY OF KINGS      )

      MATTHEW FLAMM, declares the following under penalty of perjury pursuant to 28 U.S.C. §1746:

      That on March 28, 2008, I served the annexed MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT upon John Walsh, attorney for defendants, at Hodges Walsh & Slater, 55 Church Street, Suite 211, White Plains, New York 10601, that being the address within the State designated for that purpose, by facsimile transmission and by Federal Express overnight delivery.

                                                                    _____
                                                                    Matthew Flamm