80000 SERIES
30% P.C.W.
RECYCLED

| OBSTR GOVT ADMIN | ARDSLEY POLICE DEPARTMENT CASE REPORT WORK SHEET | BLOTTER NO. AP-000559-05 | DATE & TIME OF REPORT 03/03/2005  03:17 |
|---|---|---|---|

| CASE REPORT NO. AP-00056-05 | C.B.NO. | OTHER NO. | ALARM NO. | DATE & TIME OF ALARM 03/03/2005 | ACCIDENT NO. | D.D. NO. |
|---|---|---|---|---|---|---|

| DATE AND TIME OF OCCURRENCE | FROM | DAY Thu | MONTH Mar | DATE 3 | YEAR 2005 | TIME 00:22 | TO | DAY Thu | MONTH Mar | DATE 3 | YEAR 2005 | TIME 00:22 | ORIG. COMPLAINT RECD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| NO. OF VICTIMS 0 | PLACE OF OCCURRENCE SAW MILL RIVER ROAD | NO. STREET | APT. NO. | VILLAGE ARDSLEY |
|---|---|---|---|---|

| POST 4 | ☐ INSIDE ☒ OUTSIDE | INC. VILLAGE ☐ YES ☒ NO | BUSINESS NAME | | BUSINESS/PREMISE TYPE |
|---|---|---|---|---|---|

| CHARGE PL 240.20 -1  DISORDERLY CONDUCT | HOW REPORTED | TYPE WEAPON, INSTRUMENT OR FORCE USED |
|---|---|---|

| REPORTING OFFICER/DETECTIVE PO MICHAEL STEVENSON | SERIAL NO. 029 | ASSD. POST | FORMS PREPARED |
|---|---|---|---|

SOLVA-BILITY FACTORS
☒ NONE  ☐ 42 IS THERE A WITNESS?  ☐ 43 CAN A SUBJECT BE READILY IDENTIFIED?  ☐ 45 CAN A SUBJECT BE NAMED/LOCATED?
☐ 49 CAN A SUBJECT BE PHYSICALLY DESCRIBED?  ☐ 50 CAN A SUBJECT'S VEHICLE BE DESCRIBED OR IDENTIFIED?
☐ 52 IS THERE A DISTINCTIVE M.O. PRESENT?  ☐ 53 IS THERE PHYSICAL EVIDENCE PRESENT?
☐ 54 HAS EVIDENCE TECHNICIAN WORK BEEN PERFORMED OR REQUESTED?  ☐ 55 IS PROPERTY TRACEABLE?

NOTE: USE NARRATIVE SECTION OR ADDITIONAL SHEET OF PAPER FOR ADDITIONAL PERSONS OR PROPERTY INVOLVED.

PERSON TYPE:

| LAST NAME ASVAC, | FIRST | ADDRESS: 19 AMERICAN LEGION DR | APT.NO. | VILLAGE ARDSLEY, NY 10502 | ZIP CODE |
|---|---|---|---|---|---|

| DATE OF BIRTH | HOME PHONE (914) 693-3673 | BUSINESS PHONE | AIDED NO. | ARREST NO. | APP. TKT. NO. |
|---|---|---|---|---|---|

| DEPOSITION TAKEN ☐ YES ☒ NO | RACE UNK | ☐ HISP. ☐ NON-HISP. | SEX ☐ M. ☐ F. | OCCUPATION | ☐ EMPLOYED ☒ UNEMPLOYED | RELATIONSHIP TO OFFENDER |
|---|---|---|---|---|---|---|

| NATURE OF INJURY | WHERE HOSPITALIZED | PRONOUNCING PHYSCIAN | DATE & TIME PRONOUNCE |
|---|---|---|---|

PERSON TYPE: ARRESTED

| LAST NAME BOTTARI, ANDREW R | FIRST | ADDRESS: 10 SPRINGWOOD AVE | APT.NO. | VILLAGE ARDSLEY, NY 10502- | ZIP CODE |
|---|---|---|---|---|---|

| DATE OF BIRTH 07/26/1966 | HOME PHONE (914) 674-2442 | BUSINESS PHONE | AIDED NO. | ARREST NO. AP-00032-05 | APP. TKT. NO. |
|---|---|---|---|---|---|

| DEPOSITION TAKEN ☐ YES ☒ NO | RACE WHT | ☐ HISP. ☐ NON-HISP. | SEX ☒ M. ☐ F. | OCCUPATION ATTORNEY | ☒ EMPLOYED ☐ UNEMPLOYED | RELATIONSHIP TO OFFENDER DOES NOT APPLY |
|---|---|---|---|---|---|---|

| NATURE OF INJURY DOES NOT APPLY | WHERE HOSPITALIZED | PRONOUNCING PHYSICIAN | DATE & TIME PRONOUNCE |
|---|---|---|---|

PROPERTY
ROLE CODES: DAM=DAMAGED  EVI=EVIDENCE  FOU=FOUND  LOS=LOST  OTH=OTHER  REC=RECOVERED
SAF=SAFEKEEPING  SLD=SOLD  STO=STOLEN  SVD=SUBJECTS VEHICLE DESCRIPTION  S/R=STOLEN AND RECOVERED

| ROLE CODE EVI | QUANTITY 1 | MALE/FEMALE ☒ M. ☐ F. | ITEM SILVER CARD CASE | | YEAR | MAKE |
|---|---|---|---|---|---|---|

| MODEL | IDENTIFYING NO./VIN NO. | STYLE | SIZE | COLOR |
|---|---|---|---|---|

| MISCELLANEOUS | VALUE | REGISTRATION NO. | STATE | INVOICE/IMPOUND NO. 1700 |
|---|---|---|---|---|

| ROLE CODE | QUANTITY | MALE/FEMALE ☐ M. ☐ F. | ITEM | | YEAR | MAKE |
|---|---|---|---|---|---|---|

| MODEL | IDENTIFYING NO./VIN NO. | STYLE | SIZE | COLOR |
|---|---|---|---|---|

| MISCELLANEOUS | VALUE | REGISTRATION NO. | STATE | INVOICE/IMPOUND NO. |
|---|---|---|---|---|

NARRATIVE

On 3/3/05 at approximately 0022 hours, the undersigned Officer was on routine patrol, traveling south on Saw Mill River Road in RMP 94, when I observed a dark colored SUV parked in the north end of the CVS lot. The vehicle was parked adjacent to the main doors of CVS, and the back hatch of the vehicle was open. I also observed an individual standing at the rear of the vehicle. After seeing the above, I entered the parking lot from the south entrance and drove up to the vehicle in order to investigate further. As the individual, later identified as Andrew Bottari (defendant), observed me approaching, he quickly closed the rear hatch of the vehicle. As I pulled up to the vehicle the

certified by: _A.O.M.St__    Date: 3/3/05

3

Printed:    03/03/2005

ARDSLEY POLICE DEPARTMENT

**CASE REPORT WORK SHEET (continuation page)**

Page    2

Case Number:    AP-00056-05

BLOTTER/CC No.:    AP-000559-05

============================================================================

ADDITIONAL OFFENSES(s)

============================================================================

Off #|Law|Section|Subdiv|CL|Cat|Deg|Att| Name of Offense                |Cts|
----------------------------------------------------------------------------
   2|PL | 205.30|-     |A |M  |   | O |RESISTING ARREST                | 1 |
   3|PL | 195.05|-     |A |M  |   | O |OBSTRUCTING GOVERNMENTAL ADMINISTRA| 1 |

============================================================================

ADDITIONAL NARRATIVE

============================================================================

defendant began walking toward the driver side door at which time I engaged him
in conversation. I asked him how he was doing tonight and after responding
"fine," I then asked him what he was doing. The defendant stated " I don't
think I want to tell you that." I responded, "ok, well then why don't you tell
me your name." At this point the defendant became visibly agitated and nervous,
and stated, " I don't think I want to tell you anything and I'm going to leave
now." At this point I asked for the adjoining sector car, RMP 97, to respond to
my location and I exited my vehicle. I stated to the defendant "hold on a
second, I want to talk to you." The defendant kept looking back over his
shoulder toward his vehicle and stated "I'm not talking to you." He then placed
his hands into his front coat pockets at which time I asked him to remove them.
The defendant stated "no, I'm not taking my hands out of my pockets," and he
was now becoming increasingly agitated. At this time Sgt. Fisher arrived on
scene, entering the parking lot from the north entrance. I was now positioned
approximately 10' from the defendant with the back end of my RMP between the
two of us. I continued to ask the defendant several times  to remove his hands
from his pockets but he refused, at one point stating " I'm an attorney and I
don't have to do what you tell me. You have no reason to question me." I was
now becoming concerned for my safety as well as Sgt. Fisher's as I believed the
defendant may be in possession of a weapon. Sgt. Fisher and myself continued to
asked the defendant to remove his hands from his pockets until he finally
stated "this is what is in my pockets." He quickly pulled his hands from his
coat pockets pointing his left hand, which contained a silver object, at me and
pointing his right hand, which possessed a black object, at Sgt. Fisher. The
defendant then quickly put his hands back into his coat pockets. Again the
defendant was asked by Sgt Fisher to remove his hands from his pockets. The
defendant ultimately removed his hands as he turned toward his vehicle and
began walking toward same. At this time Sgt. Fisher and I quickly approached
the defendant. As we reached him he placed his hands back into his pockets and
attempted to turn toward us. I grabbed hold of the defendant's left wrist and
Sgt. Fisher grabbed hold of his right. Sgt. Fisher stated to the
defendant,"take your hands out of your pockets." The defendant pulled away from
Sgt Fisher and then pushed his arm/hand. At this point we attempted to place
the defendant under arrest for Obstructing Governmental Administration and
Disorderly Conduct and a physical struggle ensued. The defendant was ultimately
placed into custody. During the struggle, this Officer, Sgt. Fisher and the
defendant all fell to the ground. The defendant apparently struck the pavement
in the process as he suffered a laceration to his left eyebrow. The defendant
was transported by ASVAC to Dobbs Ferry Hospital where he received five sutures
for his injury. The defendant was treated by Dr. Ambrosia and released at 0205.
was then transported in RMP 97 to Ardsley H.Q. where he was processed on the
charges of P.L. 195.05, 240.20 and 205.30, issued an appearance ticket and
released.

4



# ARDSLEY POLICE DEPARTMENT
## SUPPLEMENTARY COMPLAINT REPORT

| CASE No: | DATE OF THIS REPORT | PAGE OF PAGE |
|---|---|---|
| 05-00056 | 03/03/05 | 1 of 2 |

**DETAILS:**    On 03/03/05 at approximately 0023 hrs. Officer Stevenson, in marked police unit 94, requested the below signed officer, operating marked police unit 97, to respond to the CVS parking lot located in the Village of Ardsley to assist him with an unknown incidents. Below are the facts pertaining to the incident which followed and my observations once on the scene.

**Initial observations while approaching the CVS parking lot northbound on Rt. 9a near Center St:**
- Unit 94 was parked facing north slightly in front of and to the south of a large black 4x4.
- Officer Stevenson was on the drivers side on unit 94 near the rear.
- The large black 4x4 was parked in front of and facing West at a 90 degree angle of unit 94.
- A white male, later identified as Andrew Bottari, had his hands in his pockets and was pacing back and forth between the black 4x4 and marked unit 94. Mr. Bottari appeared to be in an agitated state.
- Below signed officer pulled into the north entrance of the CVS lot and parked near the west front of unit 94.
- Below signed officer stood near the front of marked unit 94 on arrival.

* It should be noted that the CVS parking lot is a lot know by this officer to be a location of numerous burglar alarm calls as well as a location which has had multiple larcenies.

Below are the facts of the incident which followed.

As the below signed officer exited unit 97, I heard Officer Stevenson addressing Mr. Bottari requesting him to remove his hands from his pockets. This request occurred by Officer Stevenson approximately 8-10 times. Each time, Mr. Bottari responded with a more and more agitated, "No I don't have to" or "No, I don't need to". He additionally stated numerous times, "I'm an attorney and I know my rights". Officer Stevenson also asked , "What is your name?" and "What are you doing here?". Mr. Bottari responded to each question with a statement of, "I don't need to tell you anything".

As the concern for officer safety increasingly grew with the belief that Mr. bottari may be in possession of a weapon  as dictated by Mr. Bottari's continual refusal to comply and with his increasingly agitated state, your deponent verbally ordered Mr. Bottari to remove his hands from his pockets; at which time, Mr. Bottari stated, "You want to see what's in my pockets...you want to see...here, this is what's in my pockets". At this time Mr. Bottari quickly pulled his hands from his pockets in the direction of both officers and while holding a black object in his right hand and a silver object in his left. Then as quickly as he pulled them out, he put his hands and both objects back into his pockets.

In an attempt to calm Mr. Bottari down, your deponent stated to Mr. Bottari, "Look, If you're an attorney you know we need you to take your hands out of your pocket for our safety". Mr. Bottari again stated, "No", however as he started to walk towards his vehicle, he briefly took his hands out. At this time,

| REPORTING OFFICER SIGNATURE | SHIELD NO. | REVIEWING SUPERVISOR SIGNATURE |
|---|---|---|
| | 55 | |



# ARDSLEY POLICE DEPARTMENT
## SUPPLEMENTARY COMPLAINT REPORT

| CASE No: | DATE OF THIS REPORT | PAGE OF PAGE |
|---|---|---|
| 05-00056 | 03/03/05 | 2 of 2 |

**DETAILS:**     your deponent and Officer Stevenson quickly walked up to Mr. Bottari. As both officers were approaching, Mr. Bottari quickly placed his hands back into his pockets. Your deponent took hold of Mr. Bottari's right wrist so that he would not be able to pull any suspected weapon from his pocket. At the same time, Officer Stevenson took hold of his left wrist or arm. Your deponent told Mr. Bottari, "Listen to me, do not come out of your pocket with any thing and take your hands out of your pockets slowly. Mr. Bottari became extremely agitated and pulled his hand away from your deponent and out of his pocket (not holding any object this time). Mr. Bottari became more aggressive, still stating, "I don't have to do what you want, I haven't done any thing wrong", "Don't touch me".

In a last attempt to calm Mr. Bottari down, your deponent stated, "If you're an attorney, you know about officer safety. All I need to do is to pat you down for weapons and then we will stand here and talk like gentlemen. As your deponent attempted to pat Mr. Bottari for weapons, Mr. Bottari pushed my hand away and stated, "don't you touch me". At that point Officer Stevenson and your deponent attempted to place Mr. Bottari under arrest for Disorderly Conduct and Obstructing Governmental Administration. Mr. Bottari pulled away from this officer and began a physical confrontation with both Officer Stevenson and your deponent. This physical resisting of arrest continued for several minutes while officers attempted to hand cuff Mr. Bottari. Eventually, Mr. Bottari was hand cuffed and his resisting stopped.

A cursory search after arrest of Mr. Bottari's pockets found a black bi-fold in his right pocket and a large silver business card holder in his left pocket. No weapons were found on Mr. Bottari's person. A cut over Mr. Bottari's left eye was also observed by your deponent. It is this deponents belief that the injury sustained by Mr. Bottari occurred when Mr. Bottari and both officers fell to the ground during Mr. Bottari's continued struggle to aviod detention and when Mr. Bottari's face struck the pavement. A call for ASVAC was requested by your deponent. Mr. Bottari was placed into marked unit 94 until he was treated and transported by ASVAC to Dobbs Ferry Hospital. After treatment, Mr. Bottari was transported to Ardsley PD for processing and released with an appearance ticket.

Officer Stevenson advises he sustained, minor pain and soreness to his right shoulder and your deponent sustained a bruise and minor pain to his right knee and right ring finger.

| REPORTING OFFICER SIGNATURE | SHIELD NO. | REVIEWING SUPERVISOR SIGNATURE |
|---|---|---|
| | 55 | |

**VILLAGE COURT**
**VILLAGE OF ARDSLEY**
**COUNTY OF WESTCHESTER**

MISDEMEANOR INFORMATION

THE PEOPLE OF THE STATE OF NEW YORK
-against-

ANDREW R. BOTTARI   10 Springwood Avenue, Ardsley, NY 10502          7/26/1966

Defendant(s)

Be it known that the complainant herein PO Michael Stevenson , of the Village of Ardsley Police Department , Westchester County, New York, accuses the defendant(s) named above of the following offense(s) committed at Saw Mill River Road, Village of Ardsley, New York at about March 3, 2005 at 12:22am

**COUNT ONE** : The Offense of OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE,  a violation of Penal Law PL 195.05        AM0
**COUNT TWO** : The Offense of RESISTING ARREST,  a violation of Penal Law PL 205.30        AM0
**COUNT THREE** : The Offense of DISORDERLY CONDUCT,  a violation of Penal Law PL 240.20   01   0V0

The Defendant(s) he/she intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration. The Defendant(s) did intentionally prevent and attempt to prevent a (PEACE OR POLICE) officer from effecting an authorized arrest of himself or another person. The Defendant(s) with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof did engage in fighting or tumultuous or threatening behavior.

To wit: The defendant(s) at the above date, time and place, did intentionally obstruct Police Officer Stevenson from effectuating a lawful police investigation by engaging in tumultous physical and verbal behavior towards said officer.  Defendant further intentionally did prevent an authorized arrest by physically struggling with Officer Stevenson and Officer Fisher.  Defendant further recklessly caused a risk of public inconvenience, annoyance or alarm by physically struggling with Officers Stevenson and Fisher in a parking lot.

The above allegation(s) of fact are made by the complainant herein on direct knowledge.

**NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.**

October 27, 2005

_PO. Micha_____

Signed

13

Case Report No: **AP-00056-05**

**MISDEMEANOR INFORMATION**

Police Serial No: _____

Blotter/CC No.: **AP-000559-05**

Appearance Ticket: **314230**

Return Date...: **03/21/2005**

Arrest Number....: **AP-00032-05**

Court Docket No.: _____

Defendant in Custody from: **00:22 March 03, 2005**    to **02:13 March 03, 2005**

D.O.B.:
(1)   07/26/1966

THE PEOPLE OF THE STATE OF NEW YORK
against

ANDREW R BOTTARI   (38)
10 SPRINGWOOD AVE
ARDSLEY, NY 10502-

STATE OF NEW YORK ss
COUNTY OF WESTCHESTER

PO MICHAEL R STEVENSON, Shield 102, being duly sworn, deposes and says that he is a member of the ARDSLEY POLICE DEPARTMENT, County of WESTCHESTER, New York and that on the  3 day of March, 2005, at about 12:22AM at  SAW MILL RIVER ROAD ARDSLEY in the County of WESTCHESTER, New York.

ANDREW R BOTTARI

**OFFENSE**
RESISTING ARREST
CLASS A
MISDEMEANOR

THE DEFENDANT(S) VIOLATE SECTION 205.30 OF THE PENAL LAW OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER OR A PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF OR ANOTHER PERSON, TO WIT; The defendant intentionally and unlawfully attempted to prevent police officers from effecting an authorized arrest of himself.

This complaint is based on personal knowledge, the source being, Defendant's actions.
Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

**Prepared By**
O. STEVENSON

Subscribed and sworn to before me
this  3 day of March, 2005

P.O. Michael _____ 102

Dated: _____

18

D.O. No......: _____

**MISDEMEANOR INFORMATION**

Case Report No: AP-00056-05

Appearance Ticket: 314230

Police Serial No.: _____

Blotter/CC No.: AP-000559-05

Return Date...: 03/21/2005

Court Docket No.: _____

Arrest Number.....: AP-00032-05

Defendant in custody from: 00:22 March 03, 2005     to 02:13 March 03, 2005

---

THE PEOPLE OF THE STATE OF NEW YORK
against

ANDREW R BOTTARI  (38)
10 SPRINGWOOD AVE
ARDSLEY, NY 10502-

D.O.B.:
(1)  07/26/1966

STATE OF NEW YORK SS
COUNTY OF WESTCHESTER

PO MICHAEL R STEVENSON, Shield 102, being duly sworn, deposes and says that he is a member of the ARDSLEY POLICE DEPARTMENT, County of WESTCHESTER, New York and that on the 3 day of March, 2005, at about 12:22AM at SAW MILL RIVER ROAD ARDSLEY in the County of WESTCHESTER, New York.

ANDREW R BOTTARI

**OFFENSE**

OBST GOVR ADMIN 2
CLASS A
MISDEMEANOR

THE DEFENDANT(S) DID VIOLATE SECTION 195.05 OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID INTENTIONALLY OBSTRUCT, IMPAIR OR PREVENT THE ADMINISTRATION OF LAW OR OTHER GOVERNMENTAL FUNCTION OR PREVENT OR ATTEMPT TO PREVENT A PUBLIC SERVANT FROM PERFORMING AN OFFICIAL FUNCTION BY MEANS OF ANY INDEPENDENTLY UNLAWFUL ACT OR BY MEANS OF INTERFERING WHETHER OR NOT PHYSICAL FORCE IS INVOLVED, WITH RADIO, TELEPHONE, TELEVISION OR OTHER TELECOMMUNICATIONS SYSTEMS OWNED OR OPERATED BY THE STATE, COUNTY, CITY, TOWN OR VILLAGE FIRE DISTRICT OR EMERGENCY MEDICAL SERVICE OR BY MEANS OF RELEASING A DANGEROUS ANIMAL UNDER CIRCUMSTANCES EVINCING THE ACTOR'S INTENT THAT THE ANIMAL OBSTRUCT GOVERNMENTAL ADMINISTRATION, TO WIT; The defendant intentionally and unlawfully obstructed police officers from performing an official function by means of physical force and intimidation.

This complaint is based on personal knowledge, the source being, Defendant's actions.
Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

**Prepared By**
.O. STEVENSON

Subscribed and sworn to before me
this  3  day of March, 2005

PO _____ 102

Dated: _____

19

VIOLATION INFORMATION

Case Report No: AP-00056-05          Police Serial No: _____          Blotter/CC No.: AP-000559-05

Appearance Ticket: 314230                                                    Return Date...: 03/21/2005

Arrest Number....: AP-00032-05                                               Court Docket No.: _____

Defendant in custody from: 00:22 March 03, 2005          to  02:13 March 03, 2005

---

THE PEOPLE OF THE STATE OF NEW YORK
against

ANDREW R BOTTARI   (38)
10 SPRINGWOOD AVE
ARDSLEY, NY 10502-

D.O.B.:
(1)  07/26/1966

STATE OF NEW YORK SS
COUNTY OF WESTCHESTER

PO MICHAEL R STEVENSON, Shield 102, being duly sworn, deposes and says that he is a member of the ARDSLEY POLICE DEPARTMENT, County of WESTCHESTER, New York and that on the  3 day of March, 2005, at about 12:22AM at  SAW MILL RIVER ROAD ARDLSEY in the County of WESTCHESTER, New York.

ANDREW R BOTTARI

OFFENSE
DISORDERLY COND
CLASS X
VIOLATION

THE DEFENDANT(S) DID VIOLATE SECTION 240.20 SUBDIVISION 1 OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID WITH INTENT TO CAUSE PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM, OR RECKLESSLY CREATE A RISK THEREOF ENGAGED IN FIGHTING OR IN VIOLENT, TUMULTUOUS OR THREATENING BEHAVIOR, TO WIT; The defendant unlawfully engaged in fighting with Police Officers.

This complaint is based on personal knowledge, the source being, Actions of the defendant
Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

Prepared By
.O. STEVENSON

Subscribed and sworn to before me
this  3 day of March, 2005

_P.O. M. [signature]_

Dated: _____

20

STATE OF NEW YORK: COUNTY OF WESTCHESTER
JUSTICE COURT: VILLAGE OF ARDSLEY
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

*Decision and Order with*
*NOTICE OF ENTRY*

-against-

ANDREW R. BOTTARI,

Defendant.
-------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that the within is a true copy of the Decision and Order dated February 3rd, 2006 and entered in the office of the clerk of the within named Court on entered on February 6th, 2006.

DATED:        WHITE PLAINS, NEW YORK
              February 9th, 2006

Respectfully submitted,

ROCCO F. D'AGOSTINO, ESQ.
Attorney for Defendant
445 Hamilton Ave., Suite 607
White Plains, New York  10601
(914) 682-1993

To:        HON. JANET DiFIORE
           District Attorney Westchester County
           c/o A.D.A. KIERAN BYRNE, ESQ.
           Greenburgh Branch

34

JUSTICE COURT OF THE VILLAGE OF ARDSLEY
COUNTY OF WESTCHESTER
------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

      ---- against ----

ANDREW R. BOTTARI,

              Defendant.

------------------------------------------X

SCHWARTZ, Village Justice:

      Defendant moves, pursuant to Criminal Procedure Law 170.30(1)(e), to dismiss the accusatory instruments, dated March 3, 2005 and October 27, 2005, upon the grounds that the People were not ready for trial within the statutory period provided for in CPL 30.301(b).

      Alternatively, defendant moves, pursuant to CPL 100.40 and CPL 170.35, to dismiss each of the three charges of Obstructing Governmental Administration in the Second Degree (Penal Law 195.05, Class A Misdemeanor), Resisting Arrest (Penal Law 205.30, Class A Misdemeanor) and Disorderly Conduct (Penal Law 240.20, Violation), all arising out of an incident in the Village of Ardsley on March 3, 2005, upon the grounds that the October 27, 2005 Information is facially insufficient. Also, alternatively, defendant moves, upon constitutional grounds, after a Huntley hearing conducted on October 27, 2005, to preclude the People from introducing evidence of statements allegedly made by defendant.

      The motion is supported by an Affirmation/Memorandum of Law of ROCCO F. D'AGOSTINO, Esq., attorney for Defendant, dated November 29, 2005, and counsel's Reply Affirmation, dated December

File No.
05030008

OPINION
DECISION & ORDER

2/6/06

35

19, 2005. It is opposed by an Affirmation in Opposition of Assistant District Attorney KIERAN T. BYRNE, dated December 15, 2005, and counsel's Memorandum of Law.

The threshold question is whether this proceeding must be dismissed upon speedy trial grounds.

CPL 30.30(1)(b) provides in pertinent part that the People must be ready within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." Otherwise, a motion to dismiss pursuant to CPL 170.30(1)(e) must be granted.

Defendant BOTTARI was arraigned on March 21, 2005 in the presence of counsel, at which time the People announced their readiness for trial. Thereupon, the matter was adjourned for motions at defendant's request to May 23, 2005. On that date, the defendant requested a Huntley hearing, which the Court set down for June 30, 2005. The defense does not argue that this time is includable. Thus far, no time was charged against the People.

Prior to June 30, 2005, the People requested an adjournment of the hearing due to the vacation schedule of one of the police witnesses and a new hearing date for scheduled for July 21, 2005. Defendant did not consent. This period of time, 21 days, was chargeable to the People. (Running Total: 21 days.)

On July 21, 2005, the People again requested an adjournment due to the District Attorney's unavailability, and the hearing was rescheduled for August 18, 2005. Defendant did not

consent.    This period of time, 28 days, was chargeable to the People.  (Running Total: 49 days.)

Prior to August 18, 2005, the People again requested an adjournment due to witness unavailability, and the matter was placed on the all purpose calendar for August 22, 2005.  Defendant did not consent.  This period of time, 4 days, was chargeable to the People. (Running Total: 53 days.)

On August 22, 2005, the matter was placed by the Court on a pre-hearing conference for August 29, 2005.  This period of time, 7 days, was chargeable to the People.  (Running Total: 60 days.)

To this point, the People concede all adjournments from June 30, 2005 (the date of the originally scheduled Huntley hearing) to August 29, 2005 to be at the People's request and thus chargeable to the People.  However, they maintain that all later adjournments were chargeable to the defendant.  The defense urges otherwise.

On August 29, 2005, the defendant and his counsel failed to appear.  The Court rescheduled the matter for conference on September 12, 2005, at which time a conference was conducted and the Court scheduled the Huntley hearing for September 15, 2005. The parties do not dispute and the Court finds that this time was excluded.  (Running Total remains: 60 days.)  Parenthetically, the People's Memorandum of Law refers to a pre-trial conference on September 21, 2005.  This date is incorrect as the Court did not meet on September 21, 2005.

What transpired after September 12, 2005 becomes critical in deciding the within motion.  On September 13, 2005, two days

before the rescheduled hearing date of September 15, 2005, the District Attorney called the Court and requested a postponement of the September 15 hearing until October 27, 2005 upon the grounds that the People would not be available until that date.

This request for adjournment on the part of the People was memorialized in a letter to the Court, dated September 15, 2005, faxed by defendant's counsel, with copy to the A.D.A. The letter states and so confirms that the hearing "has been adjourned at the People's request to Thursday October 27th, 2005." It is clear that the District Attorney's office received the fax. No reply was sent the Court by the People. It is also clear that the defendant did not make the application nor consent. Consequently, any intervening time was chargeable to the People.

The Huntley hearing adjourned date of October 27, 2005 resulted from the People's request for adjournment. This additional period of 42 days between September 15, 2005 and October 27, 2005 brings the Total Time chargeable to the People to 102 days.

On October 27, 2005, defendant was arraigned upon a new accusatory instrument. Notwithstanding, the Huntley hearing proceeded; Decision thereon was reserved and has not been rendered to date.

Based upon the foregoing chronology, a total of 102 days were chargeable to the People, thus exceeding the 90-day statutory period. Consequently, all charges must be dismissed pursuant to CPL 30.30(1)(b).

Under the circumstances, the balance of defendant's motion is rendered moot.

This constitutes the Opinion, Decision and Order of this Court.

DATED:   February 3, 2006

WALTER SCHWARTZ
Village Justice

TO:  A.D.A. KIERAN BYRNE
     Office of the DISTRICT ATTORNEY
     OF WESTCHESTER COUNTY
     188 Tarrytown Road
     White Plains, New York 10607
     (914) 995-4075

     ROCCO F. D'AGOSTINO, Esq.
     Attorney for Defendant
     445 Hamilton Avenue (#607)
     White Plains, New York 10601
     (914) 682-1993

STATE OF NEW YORK: COUNTY OF WESTCHESTER
JUSTICE COURT: VILLAGE OF ARDSLEY
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

                                   **AFFIDAVIT OF SERVICE**

    -against-

ANDREW R. BOTTARI,
                    Defendant.
-------------------------------------------------------------------X

      ROCCO F. D'AGOSTINO, being duly sworn deposes and says: that deponent is not a party

to this action, is over the age of 18 years, and maintains a law office at 445 Hamilton Avenue, Suite

607, White Plains, New York.

      That on February 9th, 2006, deponent served the following documents by First Class Mail

by depositing same in an postal box maintained exclusively by the United States Postal Service,

addressed to the office of the District Attorney, Westchester County (c/o A.D.A. KIERAN

BYRNE, ESQ.) at 188 Tarrytown Road, White Plains, New York 10605:

                  (1)  A true copy of the Decision and Order dated February 3rd, 2006 and

                  entered on February 6th, 2006, with Notice of Entry.

                                        _____
                                        ROCCO F. D'AGOSTINO, ESQ.

Sworn to before me on
February 9th, 2006

*Frank J. Salvi*
Notary Public

                  FRANK J. SALVI
           Notary Public, State of New York
               No. 01SA5049403
          Qualified in Westchester County
      Commission Expires Sept. 18, 2009

                                                      40

*Index No.* _____    *Year 20*___    ___ ___

## VILLAGE COURT: STATE OF NEW YORK
## COUNTY OF WESTCHESTER: VILLAGE OF ARDSLEY

THE PEOPLE OF THE STATE OF NEW YORK,

    -against-

ANDREW R. BOTTARI,

                              Defendant.

### DECISION AND ORDER WITH NOTICE OF ENTRY

**ROCCO F. D'AGOSTINO, ESQ.**

*Attorney for* **Defendant**

445 HAMILTON AVENUE
WHITE PLAINS, N. Y. 10601
(914) 682-1993

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* Feb. 9th, 2006    Signature _____

Print Signer's Name  ROCCO F. D'Agostino, Esq.

*Service of a copy of the within*

*Dated:*                                                    *is hereby admitted.*

                    ..................................................
                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  **NOTICE OF ENTRY**    *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                    *20*

☐  **NOTICE OF SETTLEMENT**    *that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                              *one of the judges of the within named Court,*
*at*
*on*                    *20*        *, at*              *M.*

*Dated:*

                                        **ROCCO F. D'AGOSTINO, ESQ.**

        *Attorney for*

*To:*                                        445 HAMILTON AVENUE
                                        WHITE PLAINS, N. Y. 10601        41

*Check Applicable Box*

# CERTIFICATE OF DISPOSITION

**STATE OF NEW YORK**
**WESTCHESTER COUNTY**

ARDSLEY VILLAGE COURT
CRIMINAL PART

PEOPLE OF THE STATE OF NEW YORK

     VS.

ANDREW R. BOTTARI;  Defendant

CASE NO: 05030008

    Date of Birth:  07/26/1966
    Date of Arrest:  03/03/2005
  Disposition Date:  02/06/2006

| Section Charged | Section Disposed | Ticket No & Description | Disposition | Fine | Civil-Fee | Surchg |
|---|---|---|---|---|---|---|
| PL 240.20 1 | PL 240.20 1 | AT# 314230 DIS CON | Dismissed | 0.00 | 0.00 | 0.00 |
| PL 195.05 | PL 195.05 | AT# 314230 OBST GOVT ADMIN | Dismissed | 0.00 | 0.00 | 0.00 |
| PL 205.30 | PL 205.30 | AT# 314230 RESISTING ARREST | Dismissed | 0.00 | 0.00 | 0.00 |

Upon a proper request for an official statement of disposition,
I certify that the above named defendant having appeared before
this court was charged as shown above.  Each of the charges was
disposed of as indicated.


Dated: The 7th day of February 2006

                 *Walter Schwartz*
         Hon. Walter Schwartz

NOTE: A copy of the request will be filed with this certificate
in the case records.

CAUTION: This information must not be divulged if the case is
sealed or where the defendant has been adjudicated a youthful
offender.


Copies: ____ Court, ____ Defendant, ____ Agency, ____ DA

43