*fee paid $455*
*E-65/241*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW BOTTARI,

              Plaintiff,

-against-

DAVID FISHER and MICHAEL STEVENSON,
Employees of the Village of Ardsley Police
Department,

             Defendants.
------------------------------------------------------------X

Docket No.:
**07-cv-08192 (CLB)**

**NOTICE OF APPEAL**

Notice is hereby given that that DAVID FISHER and MICHAEL STEVENSON, defendants in the above named case, hereby appeal to the United States Court of Appeals for the Second Circuit from an order denying their motion to dismiss plaintiff's complaint in its entirety on the grounds of qualified immunity entered in the above referenced action in the Southern District of New York on the 20th day of May, 2008.

Dated: White Plains, New York
       June 11, 2008

                                Hodges, Walsh & Slater, LLP

                                */s/ Paul E. Svensson*
                                Paul E. Svensson, Esq. (PS 3403)
                                Attorneys for Defendants
                                55 Church Street, Suite 211
                                White Plains, New York 10601
                                Tel: (914) 385-6000
                                Fax: (914) 385-6060
                                E-mail: psvensson@hwslaw.com

To:
Law Offices of Matthew S. Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
718-797-3117

85gbottc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------------x
3  ANDREW BOTTARI,
4              Plaintiff,
5         v.                              07 Civ. 8192(CLB)
6
   DAVID FISHER, Employee of the
7  Village of Ardsley Police Department;
   MICHAEL STEVENSON, Employee of the
8  Village of Ardsley Police Department;
9              Defendants.
10 ------------------------------------x
11                                  United States Courthouse
                                    White Plains, N.Y.
12                                  May 16, 2008
                                    11:00 a.m.
13
14
15 Before:
                   THE HONORABLE CHARLES L. BRIEANT,
16
                                    District Judge
17
18
19
                           APPEARANCES
20
21 LAW OFFICES OF MATTHEW FLAMM
        Attorneys for Plaintiff
22 MATTHEW SPENCER FLAMM
23
24 HODGES, WALSH & SLATER, LLP
        Attorneys for Defendants
25 PAUL EDWARD SVENSSON

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

*fe paid $455*
*E 65/241*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDREW BOTTARI,

            Plaintiff,

-against-

DAVID FISHER and MICHAEL STEVENSON,
Employees of the Village of Ardsley Police
Department,

           Defendants.
------------------------------------------------------------X

Docket No.:
**07-cv-08192 (CLB)**

**NOTICE OF APPEAL**

Notice is hereby given that that DAVID FISHER and MICHAEL STEVENSON, defendants in the above named case, hereby appeal to the United States Court of Appeals for the Second Circuit from an order denying their motion to dismiss plaintiff's complaint in its entirety on the grounds of qualified immunity entered in the above referenced action in the Southern District of New York on the 20th day of May, 2008.

Dated: White Plains, New York
        June 11, 2008

                                    Hodges, Walsh & Slater, LLP

                                    Paul E. Svensson, Esq. (PS 3403)
                                    Attorneys for Defendants
                                    55 Church Street, Suite 211
                                    White Plains, New York 10601
                                    Tel: (914) 385-6000
                                    Fax: (914) 385-6060
                                    E-mail: psvensson@hwslaw.com

To:
Law Offices of Matthew S. Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
718-797-3117

1

85gbottc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------------x

3   ANDREW BOTTARI,

4                Plaintiff,

5        v.                              07 Civ. 8192 (CLB)

6
    DAVID FISHER, Employee of the
7   Village of Ardsley Police Department;
    MICHAEL STEVENSON, Employee of the
8   Village of Ardsley Police Department;

9                Defendants.

10  ------------------------------------x

11                                       United States Courthouse
                                         White Plains, N.Y.
12                                       May 16, 2008
                                         11:00 a.m.
13

14

15  Before:
                    THE HONORABLE CHARLES L. BRIEANT,
16
                                         District Judge
17

18

19
                            APPEARANCES
20

21  LAW OFFICES OF MATTHEW FLAMM
         Attorneys for Plaintiff
22  MATTHEW SPENCER FLAMM

23

24  HODGES, WALSH & SLATER, LLP
         Attorneys for Defendants
25  PAUL EDWARD SVENSSON


CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914) 390-4103

                                                                          2
    85gbottc

1           THE COURT: Mr. Svensson, you may be heard in support
2   of your motion.
3           MR. SVENSSON: Good morning, your Honor.
4           This is a motion for a qualified immunity.
5           THE COURT: Why isn't this a fact-intensive motion
6   which requires either a trial or a hearing? How can we tell
7   what was really going on down there at the waterfront?
8           MR. SVENSSON: Because there's no material issue of
9   fact. Mr. Bottari has admitted in his opposition papers and
10  his testimony that he was at the CVS store. It was 12
11  midnight. He was parked about 10 or 20 feet from the entrance.
12  He had the back of his car opened. The rest of the parking
13  lot's completely empty because the strip mall's closed at that
14  time. He says that the police officer came up to me and said,
15  you know, what am I doing here, and he told them nothing, you
16  know, I'm not doing anything, I'm just here. And then, a
17  fourth time, he said I'm listening to music.
18          All right. The police officer asked for his name and
19  address. He refused to provide it. The police officer told
20  him to wait right there, and he got into his car to leave. So
21  the police officer moved his car to block his path.
22          Second officer shows up, and they tell him -- and
23  Mr. Bottari puts his hands in his pockets. And the police
24  officers say take your hands out of your pockets. He says why.
25  Because I'm concerned about my safety, the police officer says.

                    CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
                                (914)390-4103

1   Mr. Bottari says, well, I got a cell phone and I got a wallet
2   in my pocket. Take your hands out of your pockets. So,
3   instead of just taking his hands out of his pockets, he takes
4   these items, which he alleges were a cell phone and a wallet,
5   and turns out that they were, but this is unknown to the police
6   officers. He takes these items out of his pockets and holds
7   them up to the police officers.
8          In the split second that they have to make a decision,
9   no reasonable police officer would have stood there and waited
10  to see if that silver object was a cell phone, a cigarette case
11  or a small gun. You know, they grabbed his arms. You know,
12  Mr. Bottari resisted, and they all fell to the ground. At that
13  point, he says, wait a minute. I'm an attorney. I'm a
14  criminal prosecutor.
15         If he was an attorney and he was a criminal
16  prosecutor, how could he not behave properly when the police
17  approached him and said --
18         THE COURT: Because it's after midnight.
19         MR. SVENSSON: Well, I don't know what his state of
20  mind was at the time, obviously, but, you know, it's not just
21  that it's after midnight. It's after midnight in a vacant
22  shopping mall, and just no reasonable police officer could be
23  expected not to have seen --
24         THE COURT: I don't know that you can say that with
25  any assurance. I think you have to take your discovery, and

85gbottc

4

1    you have to get a little more information.
2        He wasn't convicted of anything.
3        MR. SVENSSON: No, he was not convicted. The
4    prosecution didn't go forward for some reason. I think they
5    delayed and -- the DA delayed and didn't get it done in time.
6    So it didn't get dismissed on the merits. It got dismissed on
7    procedural grounds.
8        THE COURT: Well, you can't claim that.
9        MR. SVENSSON: But I'm not the DA. I'm the two police
10   officers. I'm not even the Town here. This is just the two
11   cops.
12       THE COURT: I know that. But I don't think you have
13   an adequate record here to dispose of the matter because it's
14   kind of conclusive, and you can't really tell why this
15   confrontation got where it did.
16       MR. SVENSSON: It doesn't matter. It doesn't matter
17   why it got where it did. It's just what information was
18   available to those police officers at that time.
19       If Mr. Bottari had been forthcoming, if he hadn't been
20   refusing to provide information, if he hadn't been abstinent,
21   obstructing administration of justice --
22       THE COURT: He wouldn't have had four stitches.
23       MR. SVENSSON: He wouldn't have had four stitches.
24       THE COURT: All right. Let me hear opposing counsel.
25       MR. FLAMM: Judge, defendant Stevenson himself, at

6

85gbottc

1        Do you have a case-management plan?
2        MR. FLAMM:  Yes, Judge.  Mr. Bottari's testimony has
3   been taken.  The two defendant officers' testimony is due to be
4   taken in the next week or two, I believe.
5        MR. SVENSSON:  By June 1st, I think.
6        MR. FLAMM:  And we're due back in before the Court, I
7   believe, Friday, June 2nd, for a check in/final pretrial.  So
8   we're fairly far along.
9        THE COURT:  Well, anything else?
10       MR. SVENSSON:  No, your Honor.  Thank you.
11       MR. FLAMM:  Not from the plaintiff, Judge.
12       THE COURT:  I really think the Court has to reach the
13  conclusion that this may be a case for qualified immunity, but
14  it cannot be resolved on a motion, and, essentially, the
15  different views of what took place and the facts of this thing
16  are so great that it just can't be harmonized.
17       The defendants argue probable cause existed to arrest
18  plaintiff and that they didn't violate any clearly established
19  statutory or constitutional rights of the plaintiff.  The
20  plaintiff says they didn't have a reasonable suspicion to seize
21  him or probable cause to arrest him.  And viewing the facts in
22  the light most favorable to the plaintiff, as the Court must,
23  the defendants seized him without reasonable suspicion and
24  arrested him without probable cause and used excessive force.
25       So it may well be that further facts in support of

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914) 390-4103

7

85gbottc

1  qualified immunity could be developed on a plenary trial, but
2  the Court really believes that there's not an adequate record
3  here to dismiss the case at this stage and that it's fact
4  intensive.
5       And the defendants are not precluded at trial from
6  presenting the issues to the jury. And the issue of
7  credibility, also, can't be determined at this stage.
8       So the Court is denying the motion without prejudice
9  to renewal at trial.
10      MR. FLAMM: Judge, thank you.
11      THE COURT: Can you tell us whether you would like to
12 go to mediation or anything like that? What do you want to do
13 with the case?
14      MR. FLAMM: I might be happy to speak to the client
15 about that. I have not.
16      THE COURT: Well, why don't you do that.
17      MR. FLAMM: Yes.
18      THE COURT: Really, I can send you without the
19 client's consent, but it's a finite resource. We don't want to
20 waste it.
21      You say you have a date to come back.
22      MR. FLAMM: Yes. I believe --
23      MR. SVENSSON: June 2nd.
24      MR. FLAMM: -- we're on the calendar for Friday, the
25 2nd of June. I mean, rather, the 6th of June.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914) 390-4103

8

85gbottc

1           THE COURT:  Whatever it is.
2           THE DEPUTY CLERK:  We're going to have to change that.
3  Your Honor, we're going to change that date because of the
4  judicial conference.
5           THE COURT:  What date are we going to do it?
6           THE DEPUTY CLERK:  How about Friday, June 13th?
7           MR. FLAMM:  I am actually engaged elsewhere.
8           THE DEPUTY CLERK:  June 20th.
9           MR. FLAMM:  I have to be with a client, regrettably,
10 at a medical exam on that day.  I'm sorry.  And the following
11 Friday, I have an initial pretrial conference.
12          THE COURT:  Well, if you're going to go that far
13 away --
14          MR. FLAMM:  I would prefer not to, but --
15          THE COURT:  -- that puts you in September.
16          Do you want to consent to try it to a jury and the
17 magistrate judge?  Any one of them?  They can give you a date
18 certain, you know, which is very nice to have.
19          MR. FLAMM:  Before I consent to the magistrate, I need
20 to speak to the client, Judge.
21          THE COURT:  All right.  Why don't you do that.  Take a
22 form with you.
23          THE DEPUTY CLERK:  We have to cancel that June 6th
24 date, though, because the Judge is at the judicial conference.
25          THE COURT:  You will go to any of the magistrates,

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

85gbottc                                                                              9

1  won't you?
2           MR. SVENSSON:  Yes, sir.
3           THE COURT:  You can have the choice of any three of
4  them.  They're all equally good.  They really are.
5           MR. FLAMM:  Understood.  And it will be a random
6  selection, correct?
7           THE COURT:  You can have random.  You can have
8  agreement by counsel.  You can do it any way you like.
9           MR. FLAMM:  Okay.  I'll speak to Mr. Bottari.  I'll
10 speak to defense counsel.
11          THE COURT:  It's very nice to have a date certain.
12 You can get it done and get out of here.
13          MR. SVENSSON:  Could we get a July date?
14          THE COURT:  Thank you all for your attendance here
15 today.
16          MR. FLAMM:  Judge, thank you, as always.
17          THE DEPUTY CLERK:  You want a date?  Okay.  July 11th.
18          MR. SVENSSON:  Thank you.
19          MR. FLAMM:  Perfect.
20 Thank you again, Judge.
21          MR. SVENSSON:  Good day, your Honor.
22
23                              - - - -
24
25

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103